**Opinion filed April 13, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00298-CV

_____

## IN THE INTEREST OF J.S., A CHILD

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 10676-CX**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the parents of J.S.  The mother filed this appeal.  On appeal, she presents three issues in which she challenges the sufficiency of the evidence to support the trial court's termination findings.  We affirm the order of the trial court.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001(b) (West 2022).  To terminate parental rights, it must be shown by clear and convincing evidence that the parent has

committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (D) and (E). Specifically, the trial court found that Appellant had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being and that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child.

In her appellate brief, it is not clear whether Appellant is challenging the legal or factual sufficiency of the evidence, or both. Therefore, we will address both. To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not

2

limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Evidence Presented at Trial*

The record shows that Appellant has a long history of involvement with the Department of Family and Protective Services—both as a child and as a parent. The Department became involved with Appellant's youngest child, J.S., based upon incidents that occurred at Appellant's apartment while J.S. was still an infant. Those incidents involved domestic violence imposed upon Appellant by J.S.'s father and a "standoff" with police—all of which occurred while J.S. was in Appellant's care. The Department removed J.S. on the date of the "standoff" with police—after J.S.'s father exited the apartment using J.S. "as a shield." The day before the removal, J.S.'s father had threatened to shoot himself in the head. Within the weeks prior to this, at least three other incidents occurred between J.S.'s parents: J.S.'s father punched Appellant in the face, shoved Appellant against a wall, and pointed a firearm at Appellant's face and said, "I'll kill you." Despite Appellant's knowledge that J.S.'s father constituted a danger and a threat, Appellant failed to seek a protective order against him. Furthermore, she continued to allow J.S.'s father to

3

stay at the apartment with Appellant and J.S., and she allowed J.S.'s father to take J.S. for a walk at 2:00 a.m. shortly after J.S.'s father had threatened to kill himself.

Prior to J.S.'s birth, the Department had removed Appellant's two older children, and Appellant's parental rights to those two children were still at stake during this case. Appellant had completed various services in that case prior to the removal of J.S., including parenting classes and counseling. She acknowledged at trial that she had some positive and some negative drug tests in relation to her other case. Because the trial court found that "aggravated circumstances" existed in the present case, the Department was not required to offer Appellant any services in this case with respect to J.S. *See* FAM. § 262.2015 (West Supp. 2022).

The permanency case manager for this case testified that termination of Appellant's parental rights would be in the best interest of J.S. One of the case manager's main concerns was that Appellant put her child in danger "time and time again" by choosing J.S.'s violent father over J.S. The Department's investigator expressed the same concern for J.S.'s safety. In addition to her lack of protective capacity, Appellant lacked an adequate support system—of note is Appellant's abusive mother.

J.S. had been in the same foster home since she was removed from her parents' care. The foster parents provided a safe and stable home for J.S. She was healthy and doing well in their care and had bonded with the members of the foster family. The foster father testified that he loved J.S. and that he and his wife were committed to raising her and protecting her. J.S.'s foster father testified that he believed it would be in J.S.'s best interest for Appellant's parental rights to be terminated. He also testified that he and his wife wish to adopt J.S. if she becomes available for adoption.

*Analysis*

In the first and second issues, which Appellant combined for all purposes, Appellant challenges the sufficiency of the evidence to prove grounds (D) and (E).

4

Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 34 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct need not be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Drug use may constitute evidence of endangerment. *Id.*

Based upon evidence that showed the domestic violence that occurred in J.S.'s presence and Appellant's failure to be protective of J.S. in light of the violent nature of J.S.'s father, we conclude that the trial court could have found by clear and convincing evidence that Appellant had engaged in conduct or knowingly placed J.S. with persons who engaged in conduct that endangered the child's physical or emotional well-being. We hold that the evidence is legally and factually sufficient to uphold the trial court's finding as to Appellant under subsection (E). Because only one statutory ground is necessary to support termination and because we have upheld the trial court's finding as to subsection (E), we need not reach Appellant's challenge to the finding under subsection (D). *See* FAM. § 161.001(b)(1); *N.G.*, 577 S.W.3d at 234–35; *see also* TEX. R. APP. P. 47.1. We overrule Appellant's first and second issues.

In her third issue, Appellant challenges the sufficiency of the evidence to support the trial court's finding that termination of her parental rights would be in the best interest of J.S. Appellant asserts that the evidence was "woefully insufficient" to overcome the presumption that reunification with Appellant is in J.S.'s best interest.

The trial court, as the trier of fact, is the sole judge of the witnesses' credibility. *A.B.*, 437 S.W.3d at 503. Giving due deference to the trial court, we hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in J.S.'s best interest. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the child, who was too young to express any desire; the emotional and physical needs of the child now and in the future; the emotional and physical danger to the child now and in the future; the parental abilities of those involved; the plans for the child by the Department; Appellant's lack of protective capacity; and Appellant's history with the Department, including her positive drug tests in the other case, we hold that the evidence is legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of J.S. *See id.* We defer to the trial court's finding as to the child's best interest, *see C.H.*, 89 S.W.3d at 27, and we cannot hold in this case that the finding as to best interest is not supported by clear and convincing evidence. We overrule Appellant's third issue.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


April 13, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

6